IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:07-CR-19 |
| | ) | |
| BRAD SMITH | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's objections to the magistrate judge's report and recommendation [doc. 25]. For the reasons discussed below, the objections will be overruled.

Under 28 U.S.C. § 636(b), a *de novo* review by the district court of a magistrate judge's report and recommendation is both statutorily and constitutionally required. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); *see also United States v. Campbell*, 261 F.3d 628, 631-32 (6th Cir. 2001).

The defendant admits that the facts as found by the magistrate judge are correct. The defendant objects only to the magistrate judge's conclusion that the defendant's consent to the search of his residence was

voluntary. He argues that "[h]is consent was merely a submission to authority" because he was handcuffed and sitting in back of a police car (with the door open), because there were several officers present, and because he had not been told he could refuse to consent.

Although these are factors for the court to consider when determining the voluntariness of a consent to search, the court must look at the totality of the circumstances. *See United States v. Watson*, 423 U.S. 411, 424 (1976).[1] According to the unrefuted testimony of the officers, the defendant consented to the search of his home twice, offered his keys to the officers so they could open the door, and never attempted to withdraw his consent. The testimony was that the defendant was handcuffed because the police officer had information that the defendant was high on cocaine, had just assaulted his girlfriend, and might be armed. When the defendant first consented to the search, the police officer was alone. The defendant was asked to consent a second time when another officer arrived so there would be a witness to the consent. Further, there is a complete absence of proof that the defendant was threatened in any way, that promises were made, or that even "more subtle forms of coercion" were employed to overcome the defendant's will. *Id.* In addition, it appears that the defendant is not a stranger to the legal system in that

---

[1] The magistrate judge cited several pertinent cases that elaborate on the general rule set out in *Watson*, and this court finds no need to cite them again.

he has been charged with being a felon in possession of a firearm.  Finally, the absence of proof that the defendant knew he could withdraw his consent is not to be given "controlling significance." *Id.*

The court cannot find under these circumstances that the defendant was illegally coerced into consenting to a search.  Therefore, the court **ADOPTS** the magistrate judge's report and recommendation [doc. 24] in its entirety.  It is hereby **ORDERED** that the defendant's objections to the report and recommendation are **OVERRULED**, and the motion to suppress evidence [doc. 13] is **DENIED**.

ENTER:


      *s/ Leon Jordan*
United States District Judge